■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ROBINSON, Also Known as FRANKIE JAMES, Appellant. —Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J., at suppression hearing; Elbert C. Hinkson, J., at jury trial and sentence), rendered November 14, 1989, convicting defendant, after jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of imprisonment of 3 to 6 years, unanimously affirmed.

The record amply supports the hearing court's determination that the eyewitness was credible, and that the photographs introduced by defendant, although not portraying the exact vantage point of the eyewitness, confirmed rather than refuted the eyewitness's testimony regarding her observation of the crime scene (see, People v Rivera, 121 AD2d 166, affd 68 NY2d 786). Thus, the hearing court properly denied defendant's mid-trial application to reopen the suppression hearing on the ground of "additional pertinent facts," to explore the same issue, based upon the same photographs, as well as the eyewitness's trial testimony that very nearly mirrored her hearing testimony, and the trial testimony of other witnesses who indicated that the shooting occurred within approximately five feet of the "exact location" indicated by the eyewitness's placement of an "X" on one of the photographs (see, CPL 710.40 [4]).

Although the hearing court did not specifically set forth in its written decision a finding that probable cause for defendant's arrest had been established, defendant conceded that the hearing court's findings of fact indicated such a finding, and premised his application to reopen the suppression hearing on that implied finding. Defendant also conceded at the motion proceeding that the eyewitness who summoned the police to the area of the crime and pointed out defendant (previously known to her) as the individual she had observed shoot her uncle, was "a properly identified party" and a "concerned citizen." In these circumstances, that witness's report to the police, who recognized the witness's reference to a fellow-officer assigned to investigate the original report of the shooting, sufficed to provide probable cause for defendant's arrest (see, e.g., People v Chipp, 75 NY2d 327, 339-340, cert denied — US —, 111 S Ct 99), pursuant to which a loaded and operable handgun was recovered from defendant's person. Concur—Murphy, P. J., Milonas, Ellerin, Asch and Rubin, JJ.